UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN ALFRED,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF VALLEJO, et al.,<br><br>            Defendants. | No.  2:24-cv-2993 DJC AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is proceeding in this action pro se.  The case was accordingly referred to the magistrate judge for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21).  On November 8, 2024, the undersigned granted plaintiff's motion to proceed in forma pauperis ("IFP") and found service appropriate, directing plaintiff to provide service documents to the U.S. Marshals Service and file a statement of service on the record within 15 days.  ECF No. 8.  Plaintiff did not file a statement of service.

      On November 22, 2024, a notation was entered on the docket indicating that mail sent to plaintiff by the court had been returned as undeliverable.  On November 27, 2024, the undersigned issued an order to show cause directing plaintiff to submit her service documents within 14 days or show good cause for her failure to timely submit them.  ECF No. 11 at 1.  The court noted that if plaintiff failed to respond, the court would recommend dismissal pursuant to Local Civil Rule 110.  Id. at 2.  The order to show cause was served on plaintiff's address of record and returned by the postal service as undeliverable.

It appears that plaintiff has failed to comply with the court's Local Rules, which require that a party appearing in propria persona inform the court of any address change within thirty days. Local Rule 183(b). More than thirty days have passed since the court order was returned by the postal service and plaintiff has failed to notify the court of a current address Further, the undersigned notes that pursuant to Local Rule 182(f), absent notice to the Clerk that there has been a change of address, "service of documents at the prior address of the attorney or pro se party shall be fully effective."

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002). Here, all elements favor dismissal without prejudice because the case simply cannot move forward without plaintiff's active participation. There is no viable alternative to dismissal available under the circumstances.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order. See Fed. R. Civ. P. 41(b); Local Rule 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE